UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONGGUAN GUANKUN TRADING CO., LTD.,<br><br>                         Plaintiff,<br><br>v.<br><br>THE ESTATE OF BILLY CHEN, et al.,<br><br>                         Defendants. | 24 Civ. 4573 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

      In conjunction with a request for a temporary restraining order, Plaintiff moved for expedited discovery. *See* ECF Nos. 34, 36. On July 30, 2024, the Court held a conference regarding Plaintiff's motion and directed Defendant Global Fashion Icon Inc. ("Global Fashion") to file an opposition to Plaintiff's request for expedited discovery. On August 2, 2024, Defendant Global filed an opposition to Plaintiff's application for expedited discovery. *See* ECF No. 85.

      Plaintiff's request for discovery is governed by Rule 26(d) of the Federal Rules of Civil Procedure, which allows for discovery prior to conferral "by stipulation[] or by court order." Fed. R. Civ. P. 26(d)(1). "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (Nathan, J.) (internal citations omitted); *see also SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) ("When determining whether to grant expedited discovery, courts in this District apply a flexible standard of reasonableness and good cause") (internal citations omitted); Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. and Proc. § 2046.1 (4th ed. 2023) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should

1

be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").[1]  "This test requires a district court to examine the request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (internal citations omitted).

Based on the record, the Court determines that Plaintiff has demonstrated good cause to expedite discovery in this action, and that its request is reasonable.  Plaintiff has made a sufficient evidentiary showing of the substantiality of its claims.  Contrary to Defendant's contention that it is unrelated to co-Defendants, *see* ECF No. 71, Plaintiff provided evidence that Global Fashion may be an alter-ego to the co-Defendants, as Global Fashion's "owner and CEO" designated Billy Chen as the registered agent of the company.  *See* ECF No. 76-1.  Plaintiff has also demonstrated that Defendant Global Fashion was in communication with it regarding the payment of purchase orders, *see* ECF Nos. 35-8, 76-8, and sent proof of failed wire transfers for the purchase orders.  *See* ECF No. 35-13 at 8 (showing a wire transfer of $75,000 U.S. Dollars from Defendant Global to Plaintiff dated February 2, 2024).

---

[1] In opposing expedited discovery, Defendant relies heavily on *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which set out a four-factor test for expedited discovery, including a showing of irreparable harm.  Courts in this District, however, have generally favored a more flexible "good cause" approach.  As then-District Judge Lynch explained, the cases applying the more flexible standard "seem to have the better of the argument.  As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test."  *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (Lynch, J.).  *See also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, J.) ("I agree that the more flexible approach is the better approach.").  The *Notaro* test has fallen out of favor in this Circuit.  *See In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 14 Civ. 4242, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (collecting cases).

* * *

For the reasons discussed herein, the Court **GRANTS** Plaintiff's request for expedited discovery. Plaintiff may serve discovery requests as of the date of this Order. The parties are further directed to meet and confer, and to submit a proposed case management plan[2] consistent with this Order within fourteen (14) days.

Furthermore, the Order referring this matter to Magistrate Judge Tarnofsky, ECF No. 4, is **VACATED**.

SO ORDERED.

Dated: August 6, 2024
New York, New York

DALE E. HO
United States District Judge

---

[2] *See* Civil Case Management Plan and Scheduling Order, available at: https://nysd.uscourts.gov/hon-dale-e-ho.