**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                              :

| | |
|---|---|
| DONGGUAN GUANKUN TRADING CO., LTD., : | Case No. 1:24-cv-04573-DEH-RFT |
| DONGGUAN ZHUOYING APPAREL CO., LTD., : | |
| DONGGUAN ZHUOSHENG TEXTILE CO., LTD, : | |
| : | |
| Plaintiffs, : | **STIPULATION AND ORDER FOR** |
| : | **THE PRODUCTION AND** |
| v. : | **EXCHANGE OF CONFIDENTIAL** |
| : | **INFORMATION** |
| THE ESTATE OF BILLY CHEN, GLOBAL : | |
| FASHION ICON INC., FASTLANE GROUP INC., : | |
| AHCOF INTERNATIONAL DEVELOPMENT : | |
| CO., LTD., ZHONGKE SCIENTIFIC AND : | |
| TECHNICAL CO., INC., BILCO INDUSTRIES : | |
| INC., BILCO IMPORT & EXPORT INC., B.C.L. : | |
| ENTERPRISES INC., ANEW INDUSTRIES : | |
| GROUP INC, XYZ Corp., 1-10, and DOES 1 to 10, : | |
| inclusive; : | |
| : | |
| Defendants. : | |

---------------------------------------------------------------x

This matter having come before the Court by stipulation between Plaintiffs DONGGUAN GUANKUN TRADING CO., LTD., DONGGUAN ZHUOYING APPAREL CO., LTD., and DONGGUAN ZHUOSHENG TEXTILE CO., LTD. (collectively, the "**Plaintiffs**") and Defendant, GLOBAL FASHION ICON, INC., ("**Defendant**", and together with the Plaintiffs, the "**Parties**") for the entry of a protective order pursuant to Fed. R. Civ. Pro. 26(c) and 26(f), limiting the review, copying, dissemination and filing of confidential financial documents and information to be produced by any of the Parties and/or their respective counsel in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown:

  **IT IS hereby ORDERED that**:

PAGE 1

1.  This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information not previously produced or given, whether by a Party or non-party, that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2.  Any Party or, as appropriate, non-party, may designate financial Documents not yet provided to the other Party or Testimony not yet given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.  Documents produced, and Testimony given prior to the date of this Order, whether in this action or in any other action or proceeding, may be retroactively designated "confidential."

3.  As used herein:

    (a)  "Confidential Information" shall mean all non-public financial Documents and all information contained therein, and other financial information designated as confidential.  The phrase "Confidential Information" shall include, but not be limited to,  Documents or Testimony that contain financial information the disclosure of which would, in the good faith judgment of the any of the Parties or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of the any of the Parties' business or non-party's business or the business of any of the parties' customers or clients or non-party's customers or clients.

    (b)  "Producing Party" shall mean any of the Parties and/or any non-parties and/or their respective counsel in this action and/or their principals producing "Confidential Information" in connection with depositions, document production, subpoenas or any other discovery propounded in connection with this action, or the Party or non-party

asserting the confidentiality privilege, as the case may be.

(c)  "Receiving Party" shall mean any of the Parties to this action and/or any non-parties and/or their respective counsel in this action and/or their principals receiving "Confidential Information" in connection with depositions, document production, subpoenas or any other discovery propounded in connection with this action.

4.  The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Documents, Testimony, and/or other material as Confidential Information.  If the Producing Party does not agree to declassify such Documents, Testimony, and/or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those Documents, Testimony, and/or materials.  If no such motion is filed, such Documents, Testimony, and/or materials shall continue to be treated as Confidential Information.  If such motion is filed, the Documents, Testimony, and/or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.  Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of Documents, Testimony, and/or materials as Confidential Information.

5.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)  personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)  counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and

outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d)     Municipal, State, and/or Federal agencies in the United States;

(e)     the Court and court personnel;

(f)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 6 and 7, respectively, hereof; and

(g)     (with respect to a Document or Testimony) any other person agreed to by all Parties asserting the confidentiality privilege with respect to such Document or Testimony.

6.     The Receiving Party and their counsel shall utilize Confidential Information solely for purposes of this litigation and for no other purposes.

7.     Before any disclosure of Confidential Information is made to a witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Party making such disclosure shall provide to the witness or consultant a copy of this Stipulation and obtain the witnesses' or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other

Parties before disclosing the Confidential Information to any witness or consultant

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition and/or any Testimony therefrom shall be classified or declassified as appropriate.

9. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives three days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which have been designated as Confidential Information under the terms hereof. Before any deposition witness is given access to Confidential Information, he/she shall be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the written agreement shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the written agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11.    Any of the Parties may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those Documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those Documents by counsel for the Party asserting the confidentiality privilege.  In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is actually received by the Party asserting the confidentiality privilege. All Documents produced by a non-party and Testimony shall be treated as Confidential Information until fifteen (15) days after actual receipt by the Party asserting the confidentiality privilege.

12.    Sealing/Redacting of Confidential Information

(a)    Any of the Parties or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on the CMF/PACER system in redacted form until the Court renders a decision on any motion to seal (the "**Redacted Filing**").  Any of the parties or, as appropriate, non-party, who seeks to make a filing described in the immediately preceding sentence shall make a motion to seal in compliance with the applicable rules.

(b)    In the event that a Party's (or, as appropriate, non-party's) filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall

so notify the Producing Party within twenty-four (24) hours after filing the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

(c)    If any Party makes a motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on CMF/PACER. If a Party's motion to seal is denied, then the Party that filed the Redacted Filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d)    Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e)    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

13.    Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms thereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14.    Any document or information that may contain Confidential Information that has been

inadvertently produced without identification as to its "confidential" nature as provided in paragraph 2 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of any of the Parties' right(s) to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

16. In connection with their review of electronically stored information ("**ESI**") and hard copy documents for production (the "**Documents Reviewed**") the Parties agree as follows:

   (a)   to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to any applicable state or federal law or rule of procedure ("**Protected Information**") are identified and withheld from production.

   (b)   if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return.

   (c)   upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. Furthermore, the Receiving Party shall not

challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

17. This Stipulation is entered into without prejudice to the right(s) of any of the Parties or non- party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Fed. R. Civ. P., or other applicable law(s) or procedure(s).

18. This Stipulation shall continue to be binding after the conclusion of this action except that (a) there shall be no restriction on Documents that are used as exhibits in Court (unless such exhibits were filed under seal or the Court ordered that such exhibits are to be treated as confidential); and (b) a Party may seek the written permission of the opposing Party/Parties or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this action that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of

its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

21. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party or the Party to whom the Confidential Information concerns if the Producing Party is a non-party within five (5) business days of receipt of such order, subpoena, or direction; and (b) give the Producing Party or the Party to whom the Confidential Information concerns if the Producing Party is a non-party five (5) business days to object to the production of such Confidential Information, if the Producing Party or Party to which the Confidential Information concerns so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body in the United States. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designing party. The procedures for challenging the attorneys' eyes only designation and for filing and disclosing attorneys' eyes only documents/information (and any other procedures pertaining

to attorneys' eyes only documents/information) shall be the same as the procedures described in this Order pertaining to Confidential Information.

22.  This Stipulation may be changed by further order of this Court and is without prejudice to the rights of any of the Parties to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

23.  This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.


**Fong & Wong and Wu PLLC**                    **DGW KRAMER LLP**

By:  /s/ Peter Sverd, Esq.                     By:/s/ Jacob Chen
     Peter Sverd, Esq.                              Jacob Chen, Esq.
     802 64th Street, Suite 2A                      45 Rockefeller Plaza, 20th Floor
     Brooklyn, New York 11220                       New York, NY 10111
     (646) 751-8743                                 T: (917) 633-6860
     *Attorneys for Defendant*                      jchen@dgwllp.com
                                                    *Attorneys for Plaintiffs*

Dated: 10/8/2024                               The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED.**

_____

**HON. DALE E. HO**
**United States District Judge**

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                      :
DONGGUAN GUANKUN TRADING CO., LTD.,    :    Case No. 1:24-cv-04573-DEH-RFT
DONGGUAN ZHUOYING APPAREL CO., LTD.,   :
DONGGUAN ZHUOSHENG TEXTILE CO., LTD,   :
                                                      :
                    Plaintiffs,                       :    **AGREEMENT WITH RESPECT TO**
                                                      :    **CONFIDENTIAL MATERIAL**
v.                                                    :
                                                      :
THE ESTATE OF BILLY CHEN, GLOBAL       :
FASHION ICON INC., FASTLANE GROUP INC., :
AHCOF INTERNATIONAL DEVELOPMENT         :
CO., LTD., ZHONGKE SCIENTIFIC AND       :
TECHNICAL CO., INC., BILCO INDUSTRIES   :
INC., BILCO IMPORT & EXPORT INC., B.C.L. :
ENTERPRISES INC., ANEW INDUSTRIES       :
GROUP INC, XYZ Corp., 1-10, and DOES 1 to 10, :
inclusive;                                            :
                                                      :
                    Defendants.                       :
---------------------------------------------------------------x

I, _____, state that:

1.     My address is_____.

2.     My present occupation or job description is _____.

3.     I have received a copy of the Stipulation for the Production and Exchange of Confidential

Information (the "**Stipulation**") entered in the above-captioned action on _____.

4.     I have carefully read and understand the provisions of the Stipulation.

5.     I will comply with all of the provisions of the Stipulation.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation,

and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7.     I will return all Confidential Information that comes into my possession, and documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

By:_____

Name: [_____]